**Hearing Date and Time**
**August 7, 2024 at 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

**ALEXA & ROGER INC.,**

                       Debtor.
--------------------------------------------------------X

Chapter 11

Case No. 23-44441-jmm

### DECLARATION OF JOHN LETTERA IN SUPPORT
### OF CONFIRMATION OF FIRST AMENDED PLAN OF
### LIQUIDATION, AS MODIFIED

John Lettera, declares under penalty of perjury:

1.     I am a member of Fairbridge Strategic Capital LLC, the secured lender (the "Secured Lender") of Alexa & Roger Inc., the debtor and debtor in possession (the "Debtor"). In my capacity as a member of Secured Lender, I have been personally involved in this Chapter 11 case, including, among other things, the development, proposal and submission of the Secured Lender's Chapter 11 Plan for Alexa & Roger Inc., As Modified [ECF Doc #48] (the "Modified Plan").1

2.     I submit this declaration in support of confirmation of the Modified Plan. Except as otherwise indicated, all facts set forth in this declaration are based on my personal knowledge, my review of relevant documents, or my opinion, based on my experience and knowledge of the Secured Lender's relationship with the Debtor and the Debtor's current financial condition. If I were asked to testify, I could and would

---

1 Capitalized terms utilized, but not defined herein, have the meanings ascribed to them in the Modified Plan.

testify competently as to the facts set forth herein. I am authorized to submit this declaration on the Secured Lender's behalf.

3.    On December 1, 2023 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 bankruptcy petition commencing this bankruptcy case and has remained in possession of certain real property described below as a debtor in possession. The Debtor's sole asset is the real property located at 381 Myrtle Avenue, Brooklyn, New York 11201 (the "Property"). The Property is mixed use building consisting of three residential units and one commercial unit.

4.    The Debtor's Chapter 11 filing was prompted by a UCC sale of the stock interests in the Debtor which had been scheduled by the Secured Lender to be held in December 2023.

5.    On April 29, 2024, this Court entered an order [ECF Doc #39] conditionally approving Secured Lender's initial disclosure statement [ECF Doc #36] (the "Initial Disclosure Statement") and scheduling a hearing to consider final approval of the Initial Disclosure Statement and confirmation of Secured Lender's initial Chapter 11 plan for the Debtor [ECF Doc. #35] (the "Initial Plan"). Under the Initial Plan, the only impaired class of creditors was Secured Lender which voted to accept the Plan. See Ballot Report [ECF Doc. #46]. Since the details concerning the sale process, the sole means of implementation of the Initial Plan, had not yet been finalized, the hearing for final approval of the Initial Disclosure Statement and confirmation of the Initial Plan was adjourned from June 12, 2024 to August 7, 2024

2

at 10:30 am.

6.      Although Secured Lender obtained conditional approval of the Initial Disclosure Statement, since the Modified Plan and Secured Creditor's Disclosure Statement for its Chapter 11 Plan for Alexa & Roger Inc, As Modified [ECF Doc #49] (the "Modified Disclosure Statement") has changed the treatment of general unsecured creditors, thus requiring Secured Lender to solicit acceptances or rejections from the class of general unsecured creditors (Class 4 of the Modified Plan), Secured Lender believed that the prudent course of action was to seek entry of a second order conditionally approving the Modified Disclosure Statement and setting August 8, 2024 as the hearing date for final approval of the Modified Disclosure Statement and confirmation of the Modified Plan.

7.      On July 10, 2024, the Court entered an order conditionally approving the Modified Disclosure Statement as containing "adequate information" and scheduling a hearing to confirm the Modified Plan for August 8, 2024 at 10:30 a.m. (ECF Doc. 51) ("Modified Disclosure Statement Order")[2]

8.      The means of implementation of the Modified Plan is through a private sale of the Property for $2,650,000.00. The motion to approve the private sale is also scheduled to be heard on August 8, 2024 at 10:30 am.  The Modified Plan will be funded from the Sale Proceeds, any Cash turned over by the Debtor, and the GUC

---

2 After entry of the Modified Disclosure Statement Order, the Secured Lender served a version of the Disclosure Statement that conforms with the Modified Disclosure Statement Order.

Contribution, in the amount of $25,000. The GUC Contribution is to be made by Secured Lender.

9.    Based on my responsibilities on behalf of Secured Lender, my participation in the Plan process, and my regular communications with Secured Lender's professionals, I believe that the Modified Plan has been proposed in good faith. I strongly support confirmation of the Modified Plan over any other alternative that has been considered to date and to the best of my knowledge and understanding, the provisions of the Modified Plan comply with all applicable laws and orders of this Court.

10.    In accordance with the Modified Disclosure Statement Order, and as evidenced by the Certificates of Service filed with the Bankruptcy Court on July 17, 2024 [ECF Doc. ##53 and 54] the Modified Disclosure Statement, the Modified Plan, the Modified Disclosure Statement Order and the appropriate ballot, and Notice of Hearing were served on all holders of Claims and Interests, and other parties in interest by email and overnight delivery in accordance with the Modified Disclosure Statement Order. Therefore, I believe the Secured Lender has complied with all orders of the Court regarding notice of the Confirmation Hearing.

## CERTAIN STATUTORY REQUIREMENTS

### A.    Classification of Claims (11 U.S.C. §§ 1122, 1123(a)(1))

11.    Articles 2 and 3 of the Modified Plan classify the different types of claims that were affected by the filing of this chapter 11 case. The Modified Plan divides

Claims against and Interests in the Debtor into five (5) classes and makes provisions for certain unclassified claims, including Administrative Claims, Administrative Tax Claims, Priority Tax Claims and Bankruptcy Fees. The division of the respective Claims is based on their secured position, if any, and the legal ranking with respect thereto, as well as any other relevant criteria.

12. All Claims in each Class are substantially similar to the other Claims in each such Class. I believe, to the best of my knowledge and based upon information provided by counsel to Secured Lender, that valid business, factual and legal reasons exist for the various classes of claims created under the Modified Plan; that the classification of claims in the Modified Plan was not to create a consenting impaired Class; and that the Modified Plan does not unfairly discriminate between and among holders of Claims. The treatment of each Class of Claims and Interests is set forth in Article 4 of the Modified Plan.

13. The Modified Plan separates each class of claims as follows:

a. Class 1 consists of Allowed Priority Claims, which are unimpaired under the Modified Plan.

b. Class 2 consists of the NYC Secured Claims, which is unimpaired under the Modified Plan.

c. Class 3 consists of Secured Lender Claim, which is impaired under the Modified Plan.

d. Class 4 consists of General Unsecured Claims, which are impaired under the Modified Plan.

e. Class 5 consists of all Interests in the Debtor, which are impaired.

**B.**    <u>Specification of Unimpaired Classes (11 U.S.C. Section 1123(a)(2))</u>

14.    Article 4 of the Modified Plan specifies that Classes 1 and 2 are unimpaired under the Modified Plan.

**C.**    <u>Treatment of Impaired Classes (11 U.S.C. Section 1123 (a)(3))</u>

15.    Article 4 of the Modified Plan provides that Classes 3, 4, and 5 (Interests) are impaired under the Modified Plan and specifies their treatment under the Modified Plan.

**D.**    <u>No Discrimination (11 U.S.C. Section 1123 (a)(4))</u>

16.    Article 4 of the Modified Plan provides for the same treatment for each Allowed Claim in a particular Class.

**E.**    <u>Means for Implementation of the Plan (11 U.S.C. Section 1123(a)(5))</u>

17.    The Secured Lender shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Modified Plan, including executing any document and performing any act, that is necessary for the consummation of the Modified Plan.

**F.**    <u>Nonvoting Equity Securities (11 U.S.C. Section 1123 (a)(6))</u>

18.    No nonvoting equity securities will be issued under the Modified Plan. Accordingly, section 1123(a)(6) is not applicable to this case.

**G.**    <u>Selection of Officers and Directors (11 U.S.C. Section 1123 (a)(7))</u>

19.    Post-Confirmation, the Debtor's Interests of Equity shall not be extinguished, and the Debtor shall remain responsible for either managing or

winding down its own affairs.

**H.**     **Permissible Contents of a Plan (11 U.S.C. Section 1123(b))**

20.     I am informed by counsel that the Modified Plan also contains several provisions that I understand to be permissive, rather than mandatory, under the requirements of the Bankruptcy Code.

21.     It is my understanding that Claims delineated in Classes 1 and 2 are unimpaired by the Modified Plan; and that Claims delineated in Classes 3, 4, and 5 (Interests) are impaired under the Modified Plan.

22.     The Modified Plan provides for the assumption of all Executory Contracts and Unexpired Leases unless rejected by a separate motion.

23.     I believe to the best of my knowledge and understanding that the inclusion of the limited injunction and exculpation provisions in Article 8 of the Modified Plan are fair and reasonable, are given for valuable consideration, and are in the best interests of the Debtor and its estate and should be approved.

**I.**     **Compliance with Bankruptcy Code (11 U.S.C. Section 1129(a)(2))**

24.     The Debtor has operated as a debtor in possession since the Petition Date.

25.     To the best of my knowledge, information and belief, the Secured Lender has complied with disclosure requirements by its counsel's service of the Modified Plan, Modified Disclosure Statement, and the Modified Disclosure Statement Order.

26.     The Modified Plan, Modified Disclosure Statement, and the Modified

Disclosure Statement Order were provided to all of the Debtor's scheduled creditors, all creditors having filed claims in the Debtor's case, and all other interested parties in accordance with the Modified Disclosure Statement Order.

### J.    Modified Plan Proposed in Good Faith (11 U.S.C. Section 1129(a)(3))

27.    I believe that the Modified Plan and the arm's-length negotiations among the Debtor and the Secured Lender, their respective advisers and counsel, which led to the Plan's formulation provides independent evidence of the Secured Lender's good faith in proposing the Modified Plan.

### K.    Payments for Services or Costs and Expenses (11 U.S.C. Section 1129(a)(4))

28.    Any payment made or to be made by the Secured Lender, or by a person issuing securities or acquiring property under the Modified Plan, for services or for costs and expenses in or in connection with this chapter 11 case, or in connection with the Modified Plan and incident to this chapter 11 case, has been approved by, or is subject to approval of, the Court as reasonable. For example, all fees and expenses incurred by professionals appointed in this chapter 11 case will be subject to the Court's final approval following the filing of final fee applications under section 330 of the Bankruptcy Code. The Secured Lender will not make any other payments for unpaid fees, costs or expenses unless and until authorized to do so by the Bankruptcy Court, whether in connection with the confirmation of the Modified Plan or otherwise.

8

**L.    Directors, Officers, and Trustees (11 U.S.C. § 1129(a)(5))**

29.    Interests of Equity shall not be extinguished, and the Debtor shall remain responsible for either managing or winding down its own affairs.

**M.    No Rate Changes (11 U.S.C. § 1129(a)(6))**

30.    After confirmation of the Modified Plan, the Debtor's business will not involve rates established or approved by or otherwise subject to, any governmental regulatory commission.  Thus, as I am informed by counsel for the Secured Lender, section 1129(a)(6) of the Bankruptcy Code is not applicable in this chapter 11 case.

**N.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**

31.    The Modified Disclosure Statement contained a liquidation analysis which was prepared with the assistance of counsel and which I believe is an accurate forecast of the values to be received for the Debtor's assets if the Debtor was to be liquidated.  Based upon the liquidation analysis, in a chapter 7 liquidation, there would be insufficient funds to satisfy the Secured Lender's Claim in full3, resulting in no other funds available to pay any junior classes of claims.  Accordingly, to the best of my knowledge, information and belief, the best interests test is met with respect to impaired Class of Claims under the Modified Plan, as well as the unimpaired Classes as well.

---

3  Even the Modified Plan does not satisfy Secured Lender's filed claim in this case.

**O.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8) and 1129(b)**

32.    Holders of Claims in Class 1 (Priority Claims) and Class 2 (NYC Secured Claims) are not impaired under the Modified Plan and are, therefore, conclusively presumed to have accepted the Modified Plan pursuant to section 1126(f) of the Bankruptcy Code.  I am informed that Creditor Classes 3, 4, and 5 (Interests) are impaired under the Modified Plan. I am further advised that the Secured Lender's counsel has filed with this Court a Certification of Ballots that shows impaired Class 3 has unanimously voted in favor of the Plan.  No ballots in impaired Classes 4 and 5 were cast for or against the Modified Plan. Although I have been advised that by not voting, Classes 4 and 5 have not been deemed to have rejected the Modified Plan. However, as more fully discussed in paragraph 43, infra, even if the non-voting impair Classes 4 and 5 was deemed to have voted to reject the Modified Plan, the Secured Lender would request confirmation of the Modified Plan under 1129(b), and posits that the Modified Plan satisfies the criteria for "cram down" under §1129(b) of the Bankruptcy Code and, thus, §1129(a)(8) of the Bankruptcy Code need not be satisfied.

33.    As noted in paragraph 32 supra, even if Classes 4 and 5 were deemed to have voted to reject the Modified Plan, the Secured Lender may proceed with confirmation of the plan because, to the best of my knowledge, as informed by Secured Lender's counsel, the Modified Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims and interests as required by Section 1129(b) of the Bankruptcy Code.

**P.    Treatment of Certain Priority Claims (11 U.S.C. § 1129(a)(9))**

34.    The Modified Plan provides, among other things, for the payment in full of certain expenses of administering the Debtor's estate and other claims entitled to statutory priority.  Under Article 2 of the Modified Plan, each Administrative Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in Cash, from the Sale Proceeds, in full on (i) the later of (x) the Effective Date, (y) the date payment of such Claim is due under the terms thereof or applicable law, or (z) three business days after such Claim becomes an Administrative Claim or (ii) as may be otherwise mutually agreed in writing between the Plan Proponent and the holder of such Claim; provided, however, that any Administrative Claim incurred by the Debtor in the ordinary course of its business shall be paid in full or performed by the Disbursing Agent in accordance with the terms and conditions of the  particular transaction giving rise to such Administrative Claim and any agreements relating thereto.  Thus, the requirements of section 1129(a)(9) of the Bankruptcy Code are satisfied.

35.    Article 2 of the Modified Plan provides that each holder of a Priority Tax Claim, except as may be otherwise mutually agreed in writing between the Secured Lender and such Governmental Units, all allowed Priority Tax Claims shall be paid from the Sale Proceeds in full on the later of (i) the Effective Date, or (ii) three business days after such Claim becomes an Allowed Priority Tax Claim.

11

**Q.    Acceptance of Modified Plan by at Least One Impaired Class (11 U.S.C. §
1129(a)(10))**

36.    I have reviewed the Ballot Certification filed in connection with the
confirmation hearing.  I have been advised by the Secured Lender's counsel that
Priority Claims in Class 1 and New York City Secured Claims in Class 2 are
unimpaired and therefore votes for these classes of claims were not solicited.  I am
also advised that the Secured Lender Claim in Class 3, General Unsecured Claims in
Class 4, and Claims of Equity Interests in Class 5 are impaired and were provided
with ballots to accept or reject the Modified Plan.  I also understand that impaired
Class 3 (Secured Lender Claim) voted to accept the Modified Plan.  I also understand
that impaired Class 4 (General Unsecured Claims) and Class 5 (Equity Interests) did
not cast any ballots with respect to the Modified Plan.

**R.    Feasibility of the Modified Plan (11 U.S.C. § 1129(a)(11))**

37.    The Bankruptcy Code requires that confirmation of a plan is not likely to
be followed by further liquidation or the need for further financial reorganization of
the Debtor.

38.    The means of implementation of the Modified Plan is through a private
sale of the Property pursuant to a purchase and sale agreement by and between the
Debtor, as seller, and Yoel Deutsch and Brenda Deutsch (or an LLC where both
individuals own a majority interest), as purchaser (the "PSA"). The purchase price to
be paid by the purchaser for the Property under the PSA is $2,650,000.00. However,

the purchasers have agreed to purchase the Property only on a private sale basis, and not subject to higher and better offers. By notice of joint motion and application filed on July 22, 2024 [ECF Doc. #56], the Debtor and Secured Lender are seeking approval of the PSA and sale of the Property. The hearing with respect to this motion is scheduled for August 8, 2024 at 10:30 am. The payments to be made under the Modified Plan will come from either the Sale Proceeds, Cash of the Debtor, and/or the GUC Contribution.

39.    Based on the foregoing, I believe that the Modified Plan meets the feasibility requirement of section 1129 of the Bankruptcy Code.

**S.    Payment of Fees (11 U.S.C. § 1129 (a)(12))**

40.    To the best of my knowledge, information and belief, all fees payable under 28 U.S.C. § 1930 (consisting primarily of quarterly fees payable to the Office of the United States Trustee) have been paid or will be paid on or prior to the Effective Date and thereafter as required until the earlier of the entry of a final decree and the entry of an order dismissing or converting this chapter 11 case.

**T.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**

41.    To the best of my knowledge, information and belief, the Debtor has no existing obligations to provide any of those types of retiree benefits for which continued payment is required by section 1129(a)(13) of the Bankruptcy Code.

13

**U.**    **Domestic Support Obligations. (11 U.S.C. § 1129(a)(14))**

42.    The Debtor is not subject to any domestic support obligations and thus section 1129(a)(14) is inapplicable in this case.

**V.**    **Fair and Equitable Treatment of Non-Accepting Classes; No Unfair Discrimination (11 U.S.C. § 1129(b))**

43.    No ballots in impaired Classes 4 and 5 were cast for or against the Modified Plan. Although I have been advised that by not voting, as a legal matter, Classes 4 and 5 have not been deemed to have rejected the Modified Plan. However, even if the non-voting impaired Classes 4 and 5 were deemed to have voted to reject the Modified Plan, the Modified Plan satisfies the criteria for "cram down" under §1129(b) of the Bankruptcy Code to confirm the Modified Plan.

44.    The Secured Lender respectfully submits that the Modified Plan does not discriminate unfairly because the Claims in Classes 4 (General Unsecured Creditors) and Interests in Class 5 are legally distinct from one another and are properly classified in separate classes under the Modified Plan. As set forth in paragraph 43, supra, the holders of Allowed Claims of General Unsecured Creditors in impaired Class 4 have not voted to accept or reject the Modified Plan. Therefore, I have been advised that as a legal matter the cram down provisions of section 1129 of the Bankruptcy Code do not apply as to Class 4 (General Unsecured Creditors). Even if section 1129 did apply to Class 4 (General Unsecured Creditors), no class junior to the unsecured creditor class will receive any distribution. With respect to

14

Class 5 (Equity Interests), equity would receive nothing in a chapter 7 liquidation and are not receiving any distribution from the Sale Proceeds, Debtor's Cash, or the GUC Contribution. No creditor or interest holder junior in right of priority to Class 5 (Equity Interests) will receive or retain any property on account of their interests. I therefore submit that the Modified Plan does not discriminate unfairly and is fair and equitable with respect to Class 4 (General Unsecured Creditors) and Class 5 (Equity Interests). Accordingly, the Secured Lender respectfully submits that the Modified Plan is eligible for confirmation on a "cram down" basis pursuant to §1129(b) of the Bankruptcy Code.

**W.    Only One Plan Being Confirmed (11 U.S.C. § 1129(c))**

45.    There is only one plan being confirmed in this Case. Thus, I believe the Modified Plan satisfies §1129(c) of the Bankruptcy Code.

**X.    Primary Purpose of Modified Plan is not Avoidance of Taxes (11 U.S.C. § 1129(d))**

46.    The primary purpose of the Modified Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, I believe the Modified Plan complies with section 1129(d) of the Bankruptcy Code.

## CONCLUSION

47.    In summary, to the best of my knowledge, information and belief, the Secured Lender has formulated, negotiated and proposed a plan that treats all Classes of Claims fairly, equitably, and reasonably, and effectively accomplishes a liquidation of the Debtor's Assets under Chapter 11.  As a result, to the best of my knowledge, information and belief, confirmation and consummation of the Modified Plan is in the best interests of the Debtor's estate and will maximize the returns available to creditors. Accordingly, I request that the Modified Plan be confirmed.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge information and belief.

Executed this 2nd day of August, 2024

Fairbridge Strategic Capital LLC

By: _____
      John Lettera, As Member

16