UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                                    Chapter 11

ALEXA & ROGER INC.,                                       Case No. 23-44441-jmm

                            Debtor.
----------------------------------------------------------X

### ORDER CONFIRMING SECURED LENDER FAIRBRIDGE STRATEGIC CAPITAL LLC's CHAPTER 11 PLAN FOR THE DEBTOR, AS MODIFIED

UPON **Secured Lender** Fairbridge Strategic Capital LLC's Chapter 11 Plan for **the Debtor** ~~Alexa & Roger Inc.~~, As Modified, dated July 2, 2024 [ECF Doc #48] (the "Plan[1]"), and ~~Fairbridge Strategic Capital LLC's~~ Disclosure Statement **in Connection Secured Lender Fairbridge Strategic Capital LLC's Chapter 11 Plan for the Debtor** ~~for the Chapter 11 Plan for Alexa & Roger Inc., July 2, 2024,~~ As Modified **dated July 2, 2024 (JMM)** [ECF Doc #49] (the "Disclosure Statement"), along with other materials directed by the Court, having been transmitted to the Debtor's creditors, the Office of the United States Trustee, and all other parties in interest who requested notice; and

**THE** Court having held a hearing on August 7, 2024 to consider final approval of the Modified Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing"), at which time the Court accepted the proffered testimony of the plan proponent, Fairbridge Strategic Capital LLC ("Fairbridge" or "Plan Proponent"), as set forth in the Declaration of John Lettera in Support of Confirmation of the Plan [ECF Doc. # ~~99~~ **59 (JMM)** ] (hereinafter, the "Lettera Decl.");

---

[1] Capitalized terms shall have the meanings ascribed to them under the Plan, unless otherwise indicated.

and upon the proffer of counsel on the record at the Confirmation Hearing; and upon the record of the Confirmation Hearing; and

**THE Court having held a hearing on August 7, 2024 to consider the joint motion of Fairbridge and the Debtor seeking the entry of an order, pursuant to sections 105(a) and 363(b), (f) and (m), 1123(a)(5)(D), and 1141(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving a purchase and sale agreement dated July 11, 2024 (the "Deutsch Purchase Agreement") by and between the Debtor, as seller, and Yoel Deutsch and Brenda Deutsch (or an LLC where both individuals own a majority interest), as purchaser ("Deutsch"); authorizing and approving the private sale of the Debtor's real property known as and located at 381 Myrtle Avenue, Brooklyn, New York 11201 (the "Property") to Deutsch; and (iii) granting such other and further relief as may be just and proper [ECF Doc. #56] (the "Sale Motion") (JMM);**

After due deliberation thereon and sufficient cause appearing therefor;

**IN ACCORDANCE** with **Bankruptcy** Rules 7052 and 9014 ~~of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")~~ **(JMM)**, the Court makes the following findings of fact and conclusions of law which support confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**The Court Finds and Concludes That:**

### Jurisdiction and Venue

1. This civil proceeding arises under **Bankruptcy Code** Sections 1128 and 1129 ~~of title 11 of the United States Code ("Bankruptcy Code")~~ **(JMM)** and arises in a case under the Bankruptcy Code.

2. Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to Section 1334 of Title 28 of the United States Code ("Judicial Code").

3. This civil proceeding has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Referral of Cases to Bankruptcy Judges* (E.D.N.Y. August 28, 1986) (Weinstein, C.J.) as supplemented by the December 5, 2012 order of Chief Judge Carol Bagley Amon.

4. This is a core proceeding arising under sections 1128 and 1129 of the Bankruptcy Code and arising in a case under the Bankruptcy Code. See 28 U.S.C. § 157(b)(1).

5. This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of the Judicial Code. See 28 U.S.C. § 157(b)(2)(A), (L) and (O).

6. Venue of this civil proceeding in this district is proper pursuant to Section 1409 of the Judicial Code.

### Disclosure Statement

7. On July 10, 2024, this Court conditionally approved the Modified Disclosure Statement finding that it contained "adequate information" pursuant to section 1125(a) and (f) of the Bankruptcy Code, subject to final approval after the Confirmation Hearing; (the "Disclosure

Statement Approval Order") [ECF Doc #51].

## Solicitation of Ballots; Objections

8. As evidenced by the Certificates of Service filed with the Bankruptcy Court on July 17, 2024 [ECF Doc. ## 53 and 54], the Disclosure Statement Approval Order, Plan, Disclosure Statement, appropriate ballot, and notice of hearing were served upon all interested parties in accordance with the Disclosure Statement Approval Order and applicable Bankruptcy Rules.

9. All persons, entities and governmental agencies entitled or required to receive notice of the Confirmation Hearing, Plan and Disclosure Statement have received timely, due, proper, sufficient and adequate notice of the Plan, the Disclosure Statement, the Confirmation Hearing and the deadlines and procedures for filing any objections thereto, and no other or further notice is required.

10. No objections to confirmation of the Plan were filed.

## Conditions Precedent

11. All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

## Section 1129(a)

12. The Plan complies with the applicable provisions of the Bankruptcy Code.

13. The Plan properly classifies Claims as required by section 1122 of the Bankruptcy Code.

14. The Claims within each class designated under the Plan are substantially similar.

15. The classification of Claims was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the

purposes of distribution of the consideration to be distributed to holders of Claims under the Plan.

16. The Plan specifies that all classes of Claims and Interests are not impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code.

17. The Plan provides the same treatment for each Claim of a particular class, unless the holder of a particular Claim agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

18. The Plan provides adequate, proper, and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

19. The Plan provides for the sale and transfer of the Property free and clear of all liens pursuant to section 1123(a)(5)(D) of the Bankruptcy Code and for the payment of Allowed Claims from the Sales Proceeds pursuant to the terms of the Plan.

20. The provisions of article 5 of the Plan with respect to the assumption of Executory Contracts and Unexpired Leases, are fair and appropriate and are consistent with the provisions of Section 365 of the Bankruptcy Code as required by Section 1123(b)(2) of the Bankruptcy Code.

21. The Plan is consistent with the interests of creditors and with public policy as required by Section 1123(a)(7) of the Bankruptcy Code.

22. Fairbridge, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular, with the requirements of Sections 1125 and 1126 of the Bankruptcy Code as follows: Fairbridge served copies of the Plan, Disclosure Statement, and Disclosure Statement Approval Order on all interested parties in accordance with the applicable Bankruptcy Rules and the Scheduling Order.

23. No creditor other than Fairbridge, as plan proponent, as authorized by this Court,

has solicited acceptances of the Plan or participated in the offer, issuance, sale or purchase of securities of the Debtor.

24. The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code, and thus has complied with Section 1129(a)(3) of the Bankruptcy Code.

25. As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable. As the Property will be sold under the Plan, Section 1123(a)(5) does not apply, because the Debtor will no longer own or operate any property.

26. There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

27. No holder of an allowed Secured Claim has made an election under Section 1111(b)(2) of the Bankruptcy Code.

28. Subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, each Administrative Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in cash in full on (i) the later of (a) the Effective Date, (b) the date payment of such Claim is due under the terms thereof or applicable law, or (c) three (3) Business Days after such Claim becomes an Allowed Administrative Claim or (ii) as may be otherwise mutually agreed in writing between

Fairbridge and the holder of such Claim; provided, however, that any Administrative Claim incurred by the Debtor in the ordinary course of its business shall be paid in full in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto.

29. The Debtor has paid or shall pay all amounts due under 28 U.S.C. § 1930, and any applicable interest thereon, in Cash in full as required by statute and until the closing, conversion or dismissal of this case, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

30. The Debtor does not maintain any retiree benefits, as that term is defined in Section 1114(a) of the Bankruptcy Code.

**Feasibility**

31. The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

**Transfer Taxes**

32. To the maximum extent provided by Section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under, in connection with or in furtherance of this Plan as confirmed by the Court, including any deed conveying the Property in accordance with the Sale Transaction shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the Sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court ~~and the funding requirements contained herein~~ **(JMM)** and

shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**NOW, THEREFORE, IT IS HEREBY:**

### Final Approval of Modified Disclosure Statement

**ORDERED**, that the Modified Disclosure Statement, be and it hereby is, approved on a final basis; and it is further

### Confirmation

**ORDERED**, that the Plan, be and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of section 1129(a); and it is further

### Deutsch Purchase Agreement

**ORDERED**, that the transaction contemplated by the ~~purchase agreement by and between the Debtor, as seller, and Yoel Deutsch and Brenda Deutsch (or an LLC where both individuals own a majority interest), as purchaser ("Deutsch") (the "Deutsch Purchase Agreement")~~ **(JMM)** is authorized and approved; and each provision of the Deutsch Purchase Agreement is authorized and approved; and Fairbridge and the Debtor are authorized to close under the Deutsch Purchase Agreement and make the proceeds of such Deutsch Purchase Agreement available to pay the obligations required to fund the Plan; and it is further

**ORDERED** that if any or all of the provisions of this Confirmation Order relating to the Deutsch Purchase Agreement are hereafter modified by subsequent order of the Court or any other

court, such modification shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Confirmation Order, including under the Deutsch Purchase Agreement. Notwithstanding any such modification of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the Effective Date of such modification shall be governed in all respects by the provisions of this Confirmation Order and the Deutsch Purchase Agreement; and it is further

### Notice of Effective Date

**ORDERED,** that Fairbridge shall file a notice of occurrence of the Plan's Effective Date on the Court's docket within three business days of the Effective Date having occurred; and it is further

### Vesting of Assets

**ORDERED**, that, except as otherwise provided in the Plan or in this Confirmation Order, at the Closing, the Property shall vest in Deutsch, free and clear of all Liens, Claims, encumbrances and interests of any nature whatsoever, except that Fairbridge retains all of its rights under the Loan Documents as against any guarantor of the Debtor's obligation under the Loan Documents. At the closing of the Sale Transaction, any and all Liens, Claims, encumbrances and interests that have not been expressly preserved under the Plan shall be deemed extinguished as of such date; and it is further

### Disbursing Agent

**ORDERED**, that pursuant to the Plan, Sahn Ward Braff Coschignano PLLC[2] shall act as

---

[2] Subsequent to the date that the Plan was filed, the Disbursing Agent changed its name from Sahn Ward Braff Koblenz Coschignano PLLC to Sahn Ward Braff Coschignano PLLC.

the Disbursing Agent; and it is further

**ORDERED**, that the Disbursing Agent shall serve without bond; and it is further

### Consummation of the Plan

**ORDERED**, that Fairbridge may enter into such agreements as are deemed by it to be necessary**, in its reasonable business judgment (JMM)**, to consummate the Plan without further order of the Court; and it is further

**ORDERED**, that except as specifically provided in the Plan, or this Confirmation Order, Fairbridge is authorized, directed and empowered to do all things and take all actions reasonably necessary to effectuate the consummation and implementation of the Plan, including, but not limited to, executing all documents, filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all distributions and paying all costs in connection with consummating the Plan; and it is further

**ORDERED**, that any Liens held against the Debtor's Property by any creditor of the Debtor must be released as a condition to payment of any Allowed Claim held by such creditor; and it is further

**ORDERED**, that this Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

**ORDERED**, that, in furtherance hereof, and in accordance with Section 1142(b) of the Bankruptcy Code, after the Effective Date, Fairbridge and Richard Feinsilver, Esq., counsel for the Debtor, are authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Confirmation Order, in the name of the

Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

### Transfer Taxes; Recording and Filing Documents

**ORDERED**, that to the maximum extent provided by Section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer in connection with the Sale under the Plan as confirmed by the Court and shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment; and it is further

**ORDERED**, that the Court ~~shall~~ **may (JMM)** retain jurisdiction with respect to any disputes or controversies arising with respect to the above ordered paragraph; and it is further

**ORDERED**, that, pursuant to Sections 363(k), 1123(a)(5)(D), and 1123(b)(4), the Debtor and Fairbridge are authorized, empowered and directed to consummate the Sale of the Property to Deutsch, in accordance with the provisions of the Plan; and it is further

**ORDERED**, that Notwithstanding the fact that the title of this Chapter 11 case is "In Re Alexa & Roger, Inc.", the correct name of the Debtor is "Alexa and Roger Inc", and therefore, this Court approves the transfer of the Property from "Alexa and Roger Inc." to Deutsch.

**ORDERED**, that the Sale of the Property to Deutsch shall be free and clear of all claims, liens, and encumbrances against the Property; and it is further

**ORDERED**, that Fairbridge, Richard Feinsilver, Esq., counsel for the Debtor, and Deutsch are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

**ORDERED**, that at the closing of the sale of the Property, Fairbridge and/or the Debtor (or its agent) shall deliver all documents and items necessary to convey title to Deutsch; and it is further

**ORDERED**, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED**, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

**ORDERED**, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

**ORDERED**, that from and after the Effective Date, pursuant to Section 1146(a) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor or its property, any stamp, transfer or similar tax within the meaning of Section 1146(a) of the Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is further

**ORDERED**, that the Office of the Register of the City of New York in New York County shall record any recordable instrument of transfer with respect to the transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, "Transfer Documents") without the payment of any New York State Real Estate Transfer Tax imposed under Article 31 of the New York Tax Law, any New York City Real Property Transfer Tax imposed under Section 11-2102 of the New York City Administrative Code, any filing fees or recording fees with respect thereto, and any other tax within the purview of Section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan

and this Confirmation Order; and it is further

**ORDERED**, that all filing officers are directed to accept for recording or filing and to record or file the Transfer Documents immediately upon presentation thereof without payment of such taxes and without the presentation of any affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Confirmation Order; and it is further

### Releases and Injunction

**ORDERED**, that pursuant to 11 U.S.C. § 1141(d)(3), the Debtor herein shall not receive a discharge in connection with this Plan; and it is further

**ORDERED**, that Fairbridge retains all of its rights under the note and guarantee, dated January 28, 2022, made by Roger A. Bradshaw and Melissa Bradshaw, in favor of Broadfield Realty Capital LLC, its successors and/or assigns, as guarantor of the Debtor's obligation under the Loan Documents, as that term is defined in the Plan,

### Statutory and Professional Fees

**ORDERED**, that the Debtor shall (1) pay all amounts due under 28 U.S.C. § 1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of this case; and (2) file all required quarterly disbursement reports no later than twenty days after the end of each quarter until the closing, conversion or dismissal of this case; and it is further

### Post-Confirmation Quarterly Reports and Status Hearings

**ORDERED,** that the Debtor shall file Post Confirmation Quarterly Reports commencing after the Plan's Effective Date and quarterly thereafter until the case is closed; and it is further

**ORDERED**, that the Post-Confirmation Quarterly Report forms will comply with the "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11," 85 FR 82905 (2020); and it is further

**ORDERED,** that the Debtor shall schedule quarterly post-confirmation status hearings (to the extent not scheduled by the Court); and it is further

### Retention of Jurisdiction

**ORDERED**, that in addition to the retention of jurisdiction with respect to transfer taxes, the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date, to enforce any other order of this Court, and thereafter, and matters provided for in Article 10 of the Plan, including, but not limited to ensuring that the Plan is consummated, resolving any and all controversies, suits or issues arising in connection with the consummation, interpretation or enforcement of the Plan or obligations arising thereunder, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and other matters arising out of or related to the Plan, and to enter a final decree closing this chapter 11 case; and it is further

### Final Decree

**ORDERED,** that in accordance with Local Bankruptcy Rule 3022-1, within 14 days following the full administration of the Estate, but not later than 18 months following the entry of the Confirmation Order, the Debtor shall file on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022, and it is further

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Confirmation Order shall be mailed by

Fairbridge to all of Debtor's creditors, and other such parties as are entitled to notice within fourteen days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that any claims of a kind specified in Article 2 of the Plan that are not filed on or before the respective deadlines set forth therein, shall not participate in any distribution under the Plan and shall be forever barred; and neither Fairbridge, nor any disbursing agent, nor any officer, director, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against Fairbridge, any disbursing agent, any officer, director, employee or professional person employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) Fairbridge, (ii) Fairbridge's counsel, (iii) the Debtor, (iv) Debtor's counsel, (v) the United States Trustee, (vi) parties who have filed a notice of appearance in this case, and (vii) any party affected by the relief sought by such subsequent pleading; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062 or otherwise, this Confirmation Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the entry of this Confirmation Order; and it is further.

**ORDERED**, that should there be any conflict between this Order and the Plan, the terms of this Order shall govern.**; and it is further**

ORDERED, that should there be any conflict between this Order and any Order granting the Sale Motion, the terms of this Order shall govern. **(JMM)**

Dated: October 28, 2024
      Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge