UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                             Chapter 11

ALEXA & ROGER INC.,                   Case No. 23-44441-jmm

                           Debtor.
-----------------------------------------------------------X

## ORDER, PURSUANT TO 11 U.S.C. §§105(a), 363, 1123(a)(5)(D), and 1141(c) AND FED. R. BANKR. P. 6004, AUTHORIZING AND APPROVING PRIVATE SALE OF DEBTOR'S REAL PROPERTY LOCATED AT 381 MYRTLE AVENUE, BROOKLYN, NEW YORK 11201 TO YOEL AND BRENDA DEUTSCH (OR AN LLC WHERE BOTH INDIVIDUALS OWN A MAJORITY INTEREST), FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES, ON A PRIVATE SALE BASIS

Upon the joint motion of Fairbridge Strategic Capital LLC, secured creditor and proponent of Fairbridge Strategic Capital LLC's Chapter 11 Plan for Alexa & Roger Inc., dated July 2, 2024 [ECFDoc #48] ("Fairbridge") and Alexa & Roger, Inc., the debtor and debtor in possession (the "Debtor") (Fairbridge and the Debtor shall hereinafter be collectively referred to as "Movants"), seeking the entry of an order, pursuant to sections 105(a) and 363(b), (f) and (m), 1123(a)(5)(D), and 1141(c)[1] of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving a purchase and sale agreement dated July 11, 2024 (the "PSA") by and between or the Debtor, as seller, and Yoel Deutsch and Brenda Deutsch (or an LLC where both individuals own a majority interest), as purchaser ("Deutsch"); authorizing and approving the private sale of the Debtor's real property known as and located at 381 Myrtle Avenue, Brooklyn, New York 11201 (the "Property") to Deutsch (the "Sale"); and (iii) granting Movants such other and further relief as may be just and proper [ECF Doc. #56] (the "Motion"); and no objections to the Motion having been filed; and a hearing to consider approval

---

[1] This sale is in connection with Fairbridge Strategic Capital LLC's Chapter 11 Plan for Alexa & Roger Inc., As Modified, dated July 2, 2024 [ECF Doc #48] (the "Plan)

of the Motion having been held before the Court on August 7, 2024 (the "Hearing"); and upon the record of the Hearing; and after due deliberation thereon, for the reasons stated by the Court on the record of the Hearing, and good and sufficient cause appearing therefor, it is hereby:

**FOUND, CONCLUDED AND DETERMINED THAT**:

A.    **<u>Jurisdiction and Venue</u>**.  This Court has jurisdiction to consider approval of the Sale under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested are Bankruptcy Code sections 105, 363(k), 365, 1123(a)(5)(D), 1141(c), 1142, and 1146(a), Bankruptcy Rules 2002,6004, 6006, and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

B.    **<u>Notice</u>**.  As evidenced by declarations of service previously filed with the Court, and based on representations of counsel at the Hearing, (i) due, proper, timely, adequate and sufficient notice of the Sale has been provided to all parties entitled thereto; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Chapter 11 Case; and (iii) no other or further notice of the Sale or the Hearing, or the relief sought with respect to them, is or shall be required.  A reasonable opportunity to object or to be heard has been afforded to all interested persons and entities.

C.    **<u>Arm's-Length Sale</u>**.  The sale of the Property, the PSA, and this Order were negotiated by the Debtor and Deutsch at arm's-length, without collusion or fraud, and in good faith. The PSA is a valid and binding contract and shall be enforceable according to their terms.

D.    **<u>Sale in Best Interests</u>**.  The sale of the Property is in the best interests of the Debtor, its estate, its creditors and all other parties in interest.  Immediate approval by this Court of the sale of the Property is necessary and appropriate to maximize the value of the Debtor's estate.

E.    **<u>Business Justification</u>**.  Movants have demonstrated good, sufficient and sound

business reasons and compelling circumstances for the Court to approve the PSA and authorize the sale of the Property pursuant to sections 101(5), 363(k) and 1123(a)(5) of the Bankruptcy Code. The entry of this Order approving the sale of the Property is a necessary condition precedent to consummation of the sale transaction.

F.　　　**Consideration**.　The Property has been adequately marketed, and the purchase price to be provided by Deutsch pursuant to the PSA (i) represents the highest or otherwise best offer received by the Debtor for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property.

G.　　　**Free and Clear**.　The Sale to Deutsch in accordance with Plan and/or the PSA will be a legal, valid, and effective transfer of the Property, and, except as otherwise provided in the PSA, vests or shall vest Deutsch with all right, title, and interest of the Debtor in and to the Property free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, or interests of any kind or nature that have been, are or could be asserted against the Debtor or the Property, whether known or unknown, whether asserted or unasserted, whether liquidated or unliquidated, whether due or to become due, whether accrued or unaccrued, whether absolute or contingent, whether arising by agreement, statute or otherwise, whether arising prior to or subsequent to the commencement of the Chapter 11 Case (singularly and/or collectively, the "Interests"), with such Interests, to the extent they are liens, to (i) remain in place pending the occurrence of the closing of the Sale (the "Closing"), (ii) attach to the net proceeds of the Sale with the same force, validity, effect, priority and enforceability as such Interests had prior to the Sale, in accordance with the terms of the Plan and consistent with section 506(a) of the Bankruptcy Code, and (iii) be paid at the Closing from the net proceeds of the Sale in the order of such priority. Deutsch would not consummate the Sale if the Sale were not free and clear of all liens, claims, encumbrances and Interests pursuant to sections 101(5) and 1123(a)(5)(D) of the Bankruptcy Code or if Deutsch would,

or could in the future, be liable for any such Interests.  The holders of any Interests who did not object to the Sale will be deemed to have consented to the Sale free and clear of their Interests.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      **Sale is Approved**.     The Sale is approved, and the Debtor, ~~Debtor's counsel~~ Richard Feinsilver, Esq., and Fairbridge are authorized, empowered, and directed to sell, transfer and convey the Property to Deutsch pursuant to the terms of the PSA and take such other action as is necessary, ~~desirable,~~ or reasonably requested by Deutsch to effectuate the Sale and transfer of the Property from "Alexa and Roger Inc." to Deutsch.

2.      **Title to Property to Be Transferred from Alexa and Roger Inc. to Deutsch.** Notwithstanding the fact that the title of this Chapter 11 case is "In Re Alexa & Roger, Inc.", the correct name of the Debtor is "Alexa and Roger Inc", and therefore, this Court approves the transfer of the Property from "Alexa and Roger Inc." to Deutsch.

3.      **Objections Overruled**.  Any objections to the entry of this Order or the relief granted herein that have not been withdrawn, waived, settled, or otherwise resolved as set forth on the record at the Hearing and/or memorialized pursuant to the terms hereof (if any), and any reservations of rights asserted in connection with entry of this Order, hereby are denied and overruled on the merits with prejudice.

4.      **Approval and Authorization**.  The PSA and all of the terms and conditions therein are approved.  The Debtor, each of its  respective officers, members, employees and agents, as applicable, and its counsel, Richard Feinsilver, Esq., as well as Fairbridge, are each hereby authorized and directed to (i) perform the obligations under and comply with the terms of the PSA and execute, deliver and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the PSA; (ii) consummate the sale, transfer and conveyance of the Property in accordance with the terms and conditions of the Plan and the PSA; and (iii) take all

other and further actions as may be reasonably necessary or appropriate to implement the sale, transfer and conveyance of the Property and perform its obligations under the PSA. The provisions of this Order authorizing the sale of the Property free and clear of Interests, except as otherwise set forth in the PSA or this Order, shall be self-executing, and neither the Debtor nor Deutsch shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtor, each of its respective officers, directors, employees, agents, and representatives and its counsel, Richard Feinsilver, Esq., as well as Fairbridge and Deutsch, are hereby authorized and empowered to take all actions and execute, file, register or otherwise record, and deliver any and all agreements, instruments and documents (including without limitation, deeds and accompanying transfer documents as may be required by recording officers and/or a title insurance company) that the Debtor, each of its respective officers, directors, employees, agents, and representatives and its counsel, Richard Feinsilver, Esq., as well as Fairbridge and/or Deutsch deem necessary or appropriate to implement and effectuate the terms of the PSA and/or this Order. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each federal, state, or local government agency, department, or office.

5.    **Valid Transfer**.  Upon the Closing, (i) the sale transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtor's rights, title, and interests in the Property to Deutsch, and shall vest Deutsch with all of the Debtor's rights, title, and interests in the Property free and clear of all Interests of any kind whatsoever, except as expressly provided in this Order and the PSA, and (ii) the PSA, the sale of the Property, and any agreements, instruments and documents contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtor or any successor trustee appointed with respect thereto.

~~6.~~    **Injunction**.  Except as expressly provided in the PSA or by this Order, all persons

and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants, and other persons or entities, holding Interests of any kind or nature whatsoever in the Debtor or against the Debtor, or the Debtor's rights, title, and interests in the Property (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, those arising under, out of, in connection with, or in any way relating to the Debtor, the Property, the operation of the Debtor's business, or the transfer of the Debtor's rights, title, and interests in the Property to Deutsch, shall be and hereby are forever barred, estopped and permanently enjoined from: (i) commencing or continuing in any manner any action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral or other proceedings, against Deutsch, its successors or assigns, or asserting or pursuing such Interests against the Property, or the rights, title, and interests of Deutsch in such Property; (ii) creating, perfecting or enforcing any Interests against Deutsch, it's successors or assigns, or the Property; (iii) asserting any set-off, right of subrogation, or recoupment of any kind against Deutsch, it successors or assigns, or the Property; and (iv) commencing or continuing any action in any manner or place, that is inconsistent with the terms of this Order. ~~All persons and entities are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of Deutsch to acquire the Debtor's right, title, and interest in and to the Property as contemplated by this Order.~~ **(JMM)** Following the Closing, no holder of an Interest in or against the Debtor or the Property shall interfere with Deutsch's title to or use and enjoyment of the Property based on or related to such Interests, or based on any action taken by the Debtor since commencement of the Chapter 11 Case including, without limitation, Deutsch's right, ability, and effort to derive rental income and other revenue from

the Property and to maximize the value of the Property.   For the avoidance of doubt, the foregoing shall not prevent the Debtor from enforcing the terms of the PSA against Deutsch and/or its successors and assigns. ~~However, nothing in this order shall~~ **(JMM)**

6.      **Binding Effect of Order**.   The terms and provisions of the PSA and this Order shall be binding in all respects upon the Debtor, the Debtor's estate, Deutsch, all creditors of the Debtor, all holders of equity interests in the Debtor, and all other parties in interest, and their successors and assigns, including all parties asserting any lien, claim or interest in or against the Property.  However, nothing contained in this paragraph shall affect or be deemed a waiver or release of Fairbridge's rights and remedies under the note and available under the guarantee, dated January 28, 2022, made by Roger A. Bradshaw and Melissa Bradshaw, in favor of Broadfield Realty Capital LLC, its successors and/or assigns, as guarantor of the Debtor's obligation under the Loan Documents, as that term is defined in the Plan,

7.      **Sale Free and Clear of Interests**.   This Order (i) shall vest Deutsch with all right, title and interest in the Property free and clear of any and all Interests of any kind or nature whatsoever pursuant to sections 101(5) and 1123(a)(5)(D) of the Bankruptcy Code, except as otherwise provided in the PSA or this Order, with such Interests that are not paid at Closing in accordance with Paragraph G above to attach to the net proceeds of the Sale with the same force, validity, effect, priority and enforceability as such Interests had prior to the Sale, in accordance with the terms of the Plan and consistent with section 506(a) of the Bankruptcy Code; and (ii) shall be binding upon and shall govern the acts of all persons, parties in interest, and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any of the Property. Upon the occurrence of the Closing and the distribution of the proceeds of the Sale in accordance with this Order, the Debtor, and all persons holding an Interest in the Property immediately prior to the Closing are hereby authorized to execute such documents and take all other actions as may be reasonably necessary to release their Interests in the Property (if any) as such Interests may have been recorded or may otherwise exist. All recorded Interests against the Property shall be deemed stricken from their records, official and otherwise.

8. **Exemption from Stamp or Similar Taxes**. Upon confirmation of the Plan, to maximum extent provided by section 1146(a) of the Bankruptcy Code, the initial transfer or sale of the Property shall not be taxed under any law imposing a stamp tax, mortgage recording tax, real estate transfer tax, or similar tax, including but not limited to, applicable New York State and to applicable local law.

9. **Release of Liens**. If any person or entity which has filed statements or other documents or agreements evidencing Interests in the Property shall not have delivered to Deutsch before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents required to document the release of such Interests, the Debtor, each of its respective officers, directors, employees, agents, and representatives and its counsel, Richard Feinsilver, Esq., as well as Fairbridge and Deutsch are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property, with such Interests that are not paid at Closing to attach to the net proceeds of the Sale. Each and every federal, state and governmental agency or department and any other person or entity is hereby authorized and directed to accept any and all documents and instruments in connection with or necessary to consummate the sale of the Property contemplated by the PSA or

evidence the release of Interests in the Property. However, nothing contained in this paragraph shall affect Fairbridge's rights under the Loan Documents, as that term is defined in the Plan, as against any guarantor of the Debtor's obligation under the Loan Documents

10. **Failure to Specify Provisions**.  The failure to reference or specifically include any particular provisions of the PSA in this Order shall not diminish or impair  the effectiveness of such provisions, it being the intent of the Court that the PSA and the sale of the Property be authorized and approved in its entirety.

11. **No Stay of Order**.  Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14)  days after the entry hereof but shall be effective and enforceable immediately upon entry.  Time is of the essence in closing the sale of the Property, and the Debtor and Deutsch may close the sale of the Property as soon as practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

12. **Inconsistencies with Prior Orders, Pleadings or Agreement**.  To the extent this Order is inconsistent with any prior order or pleading with respect to the sale of the Property, the terms of this Order shall govern.  To the extent this Order is inconsistent with the terms of the PSA, the terms of the Order shall govern.

13. **Retention of Jurisdiction**.  This Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with the Sale, this Order and the PSA, all amendments thereto and any waivers and consents thereunder, including, but not limited to, the authority to (i) compel transfer, conveyance and delivery of the Property to Deutsch, including the execution of any documents, instruments, or agreements related thereto, or the performance of any act necessary or desirable to carry out the Sale and effectuate the transfer, conveyance and delivery of the Property to Deutsch; (ii)

interpret, implement and enforce the provisions of this Order and any related order; and (iii) protect Deutsch and the Property against any Interests of any kind or nature whatsoever from which the Property has been sold free and clear.

14.    **Authority.**    The Debtor, each of its respective officers, directors, employees, agents, representatives, and its counsel, Richard Feinsilver, Esq., as well as Fairbridge, have the full power and authority to execute all documents in connection with the Sale of the Property to Deutsch and no further authority is needed to complete the Sale.



Dated: October 28, 2024
       Brooklyn, New York

                                                 **Jil Mazer-Marino**
                                     **United States Bankruptcy Judge**