(g)    Nothing contained in this lease shall be considered to limit or preclude the recovery by Landlord from Tenant of the maximum amount allowed to be obtained as damages or otherwise by any Laws.

**Section 19.2**    Tenant hereby waives (a) the service of any notice of intention to re-enter or obtain possession of the Premises or to institute any legal action in connection therewith, except as provided in this lease and (b) on its own behalf and on behalf of all persons claiming under Tenant, including all creditors, any rights Tenant and all such persons might otherwise have under any Laws to redeem the Premises, to re-enter or repossess the Premises, or to restore this lease, after (i) Tenant is dispossessed pursuant to any Laws or by any Authority, (ii) Landlord reenters or obtains possession of the Premises, or (iii) the Expiration Date, whether by operation of law or pursuant to this lease. The words "re-enter," "re-entry" and "re-entered" as used in this lease shall not be considered to be restricted to their technical legal meanings. Landlord shall have the right to enjoin any Default and the right to invoke any remedy allowed by any Laws in addition to any remedies provided in this lease. All remedies provided in this lease are cumulative and Landlord's right to invoke, or the invocation of, any remedy shall not preclude Landlord from invoking any other remedy under this lease or under any and all Laws.

**Section 19.3**    Landlord and Tenant each hereby waive trial by jury in any legal action brought by either party against the other in connection with this lease. If Landlord commences any summary proceeding against Tenant, Tenant shall not interpose any counterclaim in that proceeding (unless the failure to impose the counterclaim would preclude Tenant from asserting in a separate legal action the claim which is the subject of the counterclaim), and shall not seek to consolidate the proceeding with any other legal action.

**Section 19.4**    If Tenant fails to comply with any of its obligations under this lease, Landlord may, at its option, cure such breach of this lease. All costs and expenses, including reasonable attorneys' fees and disbursements, incurred by Landlord in that connection shall be paid by Tenant to Landlord as Additional Rent within fifteen (15) days after Tenant is billed therefor.

**Section 19.5**    Either prevailing party shall reimburse the other for all costs and expenses (including reasonable attorneys' fees and disbursements), incurred, including instituting, prosecuting and/or defending any legal action whether a non-payment or holdover proceeding, or other proceeding, together with interest thereon at the Default Rate (hereinafter defined).

**Section 19.6**    The failure of Landlord to seek redress for a Default, or of Landlord or Tenant to insist upon the strict performance of any term of this lease, shall not prevent Landlord from redressing a subsequent Default or Landlord or Tenant from thereafter insisting on strict performance. The receipt by Landlord of the Rent with knowledge of a Default or Tenant's failure to strictly perform under this lease shall not be deemed a waiver of the Default or failure. No term of this lease shall be considered waived by Landlord or Tenant unless the waiver is in a writing signed by the waiving party. No payment by Tenant or receipt by Landlord of a lesser amount than the Rent shall be considered other than on account of the next installment of the Rent, or as Landlord may elect to apply same. No endorsement or statement on any check or letter accompanying any check or payment shall prevent Landlord from cashing the check or otherwise accepting the payment, without prejudice to Landlord's right to recover the balance of the Rent or pursue any other remedy.

**Section 19.7**    If Tenant fails to pay any installment of the Fixed Rent or any Additional Rent within five (5) days after the due date thereof, in addition to any other right or remedy of Landlord, Tenant shall pay to Landlord within fifteen (15) days following Landlord's invoice (a) a late charge equal to the greater of one hundred ($100.00) dollars and four (4%) of the amount unpaid and (b) interest at the rate (the "Default Rate") of twelve (12%) percent per annum on the amount unpaid, from the date the payment was first due to and
including the date paid and, (c) and Landlord's bank charges for the return of any Tenant's check.

**Section 19.8**    All legal actions relating to this lease shall be adjudicated in the courts of the State of New York having jurisdiction in the county in which the Building is located.  Both parties irrevocably consents to the personal and subject matter jurisdiction of those courts in any legal action relating to this lease or any guaranty of obligations under this lease, and neither party shall assert, by way of motion, as a defense or otherwise, any objection to any such court being the venue of such legal action or claim that such venue is an inconvenient forum.

## Article 20. Security

**Section 20.1**    Tenant has deposited with Landlord, as security for Tenant's compliance with this lease, the Security, in cash.  If Tenant defaults in performing any of its obligations under this lease, and acknowledges said default, Landlord may use all or any portion of the Security to cure such breach or for the payment of any other amount due and payable from Tenant to Landlord in accordance with this lease. If Tenant shall, during any twelve (12) month period be in breach of its obligation to pay Rent, Tenant shall promptly after
Landlord's request, remit to Landlord an amount equal to two (2) months of the then current amount of the monthly installment of Fixed Rent so that the amount of Security required under this lease shall then be equal to five (5)  months' of then current Fixed Rent.  If Landlord uses all or any part of the Security, Tenant shall, within fifteen (15) days following Landlord's notice, deposit with Landlord an amount sufficient to restore the full amount of the Security. Landlord shall not, unless required by any Laws, pay interest to Tenant on the Security, and if Landlord is required to maintain the Security in an interest bearing account or pay any interest to Tenant, Landlord shall retain the maximum amount of interest permitted under any Laws (which Landlord may withdraw and retain annually or at any other times).  Tenant shall not assign (other than to a permitted assignee of this lease) or encumber the Security, and no prohibited assignment or encumbrance by Tenant of the Security shall bind Landlord.  Landlord shall not be required to exhaust its remedies against Tenant or the Security before having recourse to Tenant, any Guarantor, the Security or any other security held by Landlord, or before exercising any right or remedy, and recourse by Landlord to any one of them, or the exercise of any right or remedy, shall not affect Landlord's right to pursue any other right or remedy or Landlord's right to proceed against the others.  If there is then no uncured breach, the Security and any accrued and unpaid interest thereon, or any balance, shall be paid or delivered to Tenant promptly after the Expiration Date and Tenant's vacating of the Premises in accordance with this lease.  If Landlord's interest in the Real Property is sold or leased, Landlord shall transfer the Security and any accrued and unpaid interest thereon, or any balance, to the new Landlord and, upon such transfer, the assignor shall thereupon be automatically released by Tenant from all liability for the return of the Security or any interest (and Tenant agrees to look solely to the assignee for the

return of the Security or any interest).

### Article 21. Broker

**Section 21.1**    Tenant represents to Landlord that it has dealt with no broker in connection with this lease other than the Broker. Tenant shall indemnify, defend and hold harmless Landlord from and against any claims for any brokerage commissions or other compensation which are made by any broker (other than the Broker) alleging to have dealt with Tenant in connection with this lease, and all costs, expenses, liabilities and damages in connection therewith, including reasonable attorneys' fees and expenses. Landlord shall pay any commission due the Broker pursuant to a separate agreement between Landlord and the Broker. Landlord shall indemnify, defend and hold harmless Tenant from and against all claims, costs, expenses, liabilities and damages including reasonable attorneys' fees and expenses (a) arising from Landlord's failure to comply with its obligation in the preceding sentence and (b) any claims for any brokerage commissions or other compensation by any broker (other than the Broker) with whom Landlord, but not Tenant, has had dealings in connection with this lease.

### Article 22. Notices; Consents and Approvals

**Section 22.1**    Except as may be provided in this lease, all notices and other communications under this lease must be in writing and sent by nationally recognized overnight courier service or registered or certified mail (return receipt requested), addressed to Landlord or Tenant at its Notice Address. Either party may, by notice given in accordance with this Article, designate a different Notice Address, which address change shall become effective upon receipt, the date rejected or the date of attempted delivery (if the receiving party is not present).

**Section 22.2**    Any notice or other communication sent as provided in this Article shall be effective (a) on the date received, the date rejected, or the date of attempted delivery (if the receiving party is not present) if sent by overnight courier service, or (b) three (3) business days after mailing by registered or certified mail.

**Section 22.3**    If any provision of this lease requires Landlord's consent or approval, such consent or approval shall be effective only if given in writing.

**Section 22.4**    Any notice or other communication given by Landlord to Tenant in accordance with this Article may be signed and given by Landlord's attorney or managing agent, if any, with the same force and effect as if signed and given by Landlord.

### Article 23. No Representations; Liability; Tenant Indemnity

**Section 23.1**    Neither Landlord nor Landlord's managing agent, if any, has made any warranties, representations, statements or promises with respect to the Premises, the Real Property, the Building systems, any Additional Rent, any Laws or any other matter, unless expressly set forth in this lease. This lease contains the entire agreement between Landlord and Tenant with respect to the subject matter of this lease, and any previous agreements between Landlord and Tenant are merged in this lease, which alone expresses their agreement. Tenant is entering into this lease after full investigation, and is not relying on any warranties, representations, statements or promises made by Landlord or any other person not expressly set forth in this lease, and is not acquiring any rights of any nature, by implication or otherwise, except as expressly set forth in this lease.

**Section 23.2**   Any employee of Landlord, Landlord's managing agent, if any, or the Real Property to whom any property is entrusted by or on behalf of Tenant shall be deemed to be acting as Tenant's agent with respect to that property and neither Landlord nor Landlord's managing agent, if any, shall be liable for any damages to or loss of property of Tenant or others entrusted to employees, agents or contractors of Landlord, Landlord's managing agent, if any, or the Real Property.

**Section 23.3**   Neither Landlord nor Landlord's managing agent, if any, shall be liable for any injury, damage or loss to Tenant, Tenant's Property, Tenant's Work, Tenant's business or to any other person or property resulting from any cause, except to the extent caused by the negligence or willful misconduct of Landlord, Landlord's managing agent, if any, or their respective employees, agents or contractors, subject to <u>Section 13.4.</u>

**Section 23.4**   In the event of a transfer or lease of the entire Building (a) the transferor or lessor shall be and hereby is relieved of all obligations and liabilities of Landlord under this lease accruing after the effective date of the transfer or lease, and (b) the transferee or lessee shall be deemed to have assumed all of Landlord's obligations and liabilities under this lease effective from and after the effective date of the transfer or lease.

**Section 23.5**   In no event shall Landlord, its affiliates, agents, partners, members, managers, shareholders, officers, directors and principals, disclosed or undisclosed, be liable for incidental or consequential damages or have any personal liability under or in connection with this lease. Tenant shall look only to Landlord's interest in the Real Property for the satisfaction of Tenant's remedies or to collect any judgment requiring the payment of money by Landlord under or in connection with this lease, and no other assets of Landlord or such persons shall be subject to lien, levy, execution or other enforcement procedure for the satisfaction of Tenant's remedies or the collection of any judgment under or in connection with this lease. If Tenant acquires a lien on such other property or assets by judgment or otherwise, Tenant shall promptly release that lien by signing, acknowledging and delivering to Landlord any instrument, prepared by Landlord, required for the lien to be released.

**Section 23.6**   If Tenant requests Landlord's consent or approval and Landlord fails or refuses to give such consent or approval, Tenant shall not be entitled to any damages for any withholding by Landlord of its consent or approval, it being intended that Tenant's sole remedy shall be an action for specific performance or injunction, and that such remedy shall be available only in those cases where Landlord has expressly agreed in writing not to unreasonably withhold its consent.

**Section 23.7**   This lease and the obligations of Tenant to pay the Rent and perform Tenant's other obligations under this lease are separate, distinct and independent of Landlord's obligations under this lease.

**Section 23.8**   Tenant's obligations shall not be waived, delayed or otherwise affected in any manner, and Landlord shall have no liability, if Landlord is unable to comply with, or is delayed in complying with, any of Landlord's obligations under this lease by reason of any strike, labor trouble, accident, war, government action, Laws or other cause beyond Landlord's control.

**Section 23.9**   Tenant shall not perform or permit to be performed any act which may subject Landlord, its partners, members, managers, shareholders, officers, directors and

principals or Landlord's managing agent, if any, to any liability. Tenant shall, to the extent not caused by the negligence or willful misconduct of Landlord or its contractors or agents, indemnify, defend and hold harmless Landlord and Landlord's managing agent, if any, from and against all (a) claims arising from any act or omission of Tenant, its subtenants, contractors, agents, employees, invitees or visitors, (b) claims arising from any accident, injury or damage to any person or property in the Premises or any adjacent walkway during the Term or when Tenant is in possession of the Premises, and (c) Tenant's failure to comply with Tenant's obligations under this lease (whether or not a Default), and all liabilities, damages, losses, fines, violations, costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with any such claim or failure.

### Article 24.End of Term

**Section 24.1**    On the Expiration Date (a) Tenant (and all other occupants) shall vacate and surrender the Premises, leaving the Premises vacant, broom clean and in good order and condition, except for ordinary wear and tear and damage for which Tenant is not responsible under this lease, and otherwise as may be required by this lease, and (b) Tenant shall remove all of Tenant's Property and any Tenant's Work required to be removed pursuant to this lease. If the last day of the Term is not a business day, this lease shall expire on the immediately preceding business day. Tenant waives, for itself and for any person claiming under Tenant, any right which Tenant or any such person may have under Section 2201 of the New York Civil Practice Law and Rules or under any similar Laws.

**Section 24.2**    If the Premises are not vacated and surrendered in accordance with this lease (whether by Tenant or any occupant related to Tenant), on the date required by this lease, Tenant shall indemnify and hold harmless Landlord against all losses, costs, liabilities, claims, damages and expenses incurred by Landlord in connection therewith, including reasonable attorneys' fees and disbursements whether in an action by or against Tenant or a third party, and including claims and liabilities of Landlord made by any succeeding tenant(s) or other third party. In addition, Tenant shall be liable to Landlord for per diem use and occupancy in respect of the Premises at a rate equal to twice the Rent payable under this lease for the last year of the Term (which Landlord and Tenant agree is the Rent that is contemplated by them as being fair and reasonable under such circumstances and is not a penalty). In no event, however, shall this Section be construed as permitting Tenant (and all other occupants) to remain in possession of the Premises after the Expiration Date.

**Section 24.3**    Intentionally omitted

**Section 24.4**    Unless otherwise specifically provided:  (a) any obligation of Landlord or Tenant under this lease which by its nature or under the circumstances can only be, or by the terms of this lease may be, performed after the Expiration Date; (b) any liability for a payment with respect to any period ending on or before the Expiration Date; and, (c) all indemnity and hold harmless provisions in this lease, shall survive the Expiration Date.