# The Law Offices of Avrum J. Rosen

**A Professional Limited Liability Company**
Attorneys at Law
38 New Street
Huntington, New York 11743
631 423 8527
arosen@ajrlawny.com

AVRUM J. ROSEN
NICO G. PIZZO
ALEX E. TSIONIS+
(+ *also admitted in New Jersey*)
------------
DEBORAH L. DOBBIN
DANIEL LEBRUN

December 4, 2024

VIA ECF
Hon. Jil Mazer-Marino
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

Re: Alexa & Roger Inc. Case No. 23-44441

Dear Judge Mazer-Marino:

    I write you on behalf of Growth Mindset Learning Lab, LLC, which is a tenant, pursuant to a lease of non-residential real property, in the property owned by the Debtor in the above referenced case.

    The secured lender has recently made a "motion" to reject my client's lease and I will address that motion herein, briefly, and in full before the objection date. However, the immediate concern, and the reason for this letter, is that the secured lender had previously made a motion in further support of its confirmed plan to have the U. S. Marshal evict *all* tenants in the building. The docket reflects that motion was granted and to submit an order. My client was not served with that motion. Indeed, the secured lender's counsel asserts he was not aware of my client's lease until after that motion was heard. For these reasons, and the reasons set forth below, we request that entry of that order be held in abeyance (at least as it pertains to my client) until the present motion can be heard.

    Now to turn briefly to the merits. My client, until the recent motion, was never given any notice of this case. The undersigned has gone through the entire docket and every single affidavit of service. The lease, a fifteen (15) year lease ("Lease") for a Licensed Pre-School

program, was never listed in the petition as an executory contract, nor as a creditor. My client, through constructively evicted from portions of the building by repeated floods, has been in continuous possession of the first floor commercial space. My client tendered rent for several months until the landlord refused to repair the roof and refused to let my client repair the roof, causing them to have shut down for extended periods of time and now only operate in two of the four classrooms, as well as having continuous problems maintaining their license due to the conditions in the building.

The "motion" to reject the Lease must be denied out of hand. At the outset, it cites the wrong section of Section 365 that applies when a debtor is a lessee. That is not this case. This debtor is a lessor. In that instance section 365(h) applies to this Lease. As a result, even if this Lease had been rejected (which assumes my client had notice of these proceedings) it would still retain all of its possessory rights under the Lease.

But one never even reaches that issue, because the confirmed plan in this case expressly *assumed* all executory contracts and leases. Thus, there is no merit to the present motion and the undersigned hopes it is withdrawn to avoid further expense to my client and to the movant.

Lastly, it appears that the proposed purchaser was well aware of my client's existence and Lease as early as August 22, 2024 when they reached out to my client's counsel to request the Lease and discuss their ownership of the building, which would be a vast improvement over the Debtor's disastrous stewardship. A copy of that email is annexed as Exhibit "A". I assume lender's counsel was not advised of this as it predates confirmation.

I am available for a conference on this issue or will be prepared to address it on the return date of the "motion". In the meantime, I respectfully request the pending order not be entered.

Thank you.

Very truly yours,

*s/Avrum J. Rosen*
Avrum J. Rosen